United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD A. DUNSMORE, | § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-301 |
| | § § | |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | | |

## ORDER

Richard Dunsmore is currently in the custody of the Texas Department of Criminal Justice ("TDCJ"), serving what appear to be concurrent seven-year sentences for sexual assault and attempted sexual assault. On October 17, 2016, he filed a "petition to be provided with a case number for a removal to federal court of a state court case" (Dkt. 1). Dunsmore's largely incomprehensible filings, which the Court thinks are best construed as a federal habeas petition, discuss an ongoing civil commitment proceeding brought in Texas state court under the sexually-violent-predator provisions of Chapter 841 of the Texas Health and Safety Code. To the extent that Dunsmore is trying to obtain federal habeas relief, his claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1).[1] A certificate of appealability is **DENIED**.

---

[1] The Court may raise the exhaustion-of-remedies issue *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

To the extent that Dunsmore is trying to remove the civil commitment proceeding to this Court, he has not met his burden of proving that federal subject matter jurisdiction exists.[2] Dunsmore seems to think that he has created a federal question by defensively asserting violations of his federal Constitutional rights. He is mistaken.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008). The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. Neither way applies to this case. The "sexually violent predator" civil-commitment proceeding is a creation of Texas state law, and Dunsmore cannot create federal jurisdiction by simply raising federal Constitutional questions as defenses. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008). A state-law proceeding does not raise a federal issue simply because the

---

[2] The Court may consider the existence or absence of subject matter jurisdiction *sua sponte*. *Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir. 1996).

parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338.

All state-law claims in this case are **REMANDED** to the 412th District Court of Brazoria County, Texas. Any federal claims are **DISMISSED** without prejudice. Dunsmore is **ORDERED** not to file any more pleadings in this matter, and the docket is **CLOSED**.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to mail a certified copy of this order to the District Clerk of Brazoria County, Texas and the Clerk of the 412th District Court of Brazoria County, Texas.

SIGNED this 25th day of October, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE